HARRIS, Judge,
dissenting.
I respectfully dissent.
Officers Pearce, Gonzales and Stevens of the Orlando Police Department received information from the apartment manager that drug activity was being conducted from a particular apartment. They went to the apartment and knocked on the door. When Ms. Hurley answered the door, she was advised that the policemen were drug agents and would like to talk to her. She invited them in. Upon entering the apartment, Officer Pearce testified that she smelled the odor of burnt cannabis. Allen, Hurley’s roommate, made a sudden move underneath a chair and, fearing that a weapon might be concealed there, the officers looked under the chair and found cannabis.
The officers then requested permission to search the apartment. Hurley stated that they had no drugs in the house but the officer could retrieve a set of scales from the bedroom. When Officer Stevens started walking toward the bedroom, Allen said that he would prefer that the officer have a search warrant. The officers properly considered this statement as a withdrawal of the consent to take the scales into possession or to search any further. Allen was then arrested and Officer Pearce was dispatched to obtain a search warrant. It seems clear that the officers could establish probable cause. They were informed by someone familiar with the apartment complex that drug activity was being conducted from the apartment, they found cannabis under a chair in the living room of the apartment, and they were advised by one of the tenants that paraphernalia was located in a bedroom.
After Officer Pearce departed to obtain the search warrant, Allen told the officers to go ahead and search the apartment. Officer Pearce was called back. A search of the apartment turned up a drug store — an electronic ballast, 157.7 grams of cannabis, a triple beam scale with marijuana residue, a metal tin used to roll cannabis cigarettes, cannabis seeds, ziploc bags, a ceramic smoking holder with pipe containing cannabis residue, and cash.
On appeal, Allen challenges the voluntariness of his consent because he alleges that he consented only because he feared that the police would arrest Hurley if he did not consent to the search. The trial court, although finding that the original entry and the discovery of the cannabis under the chair were legal, suppressed all other evidence because it found that the consent was granted “based on their fear that Mrs. Hurley would *700 be arrested if they failed to consent. In addition, they were faced with three officers, two of whom were wearing undercover masks, a display of authority which might lead a reasonable person to conclude they were not free to refuse the officers’ request.”
In my view, the court’s ruling is clearly erroneous. The officers had every right to arrest Hurley. Cannabis, an illegal substance, was found in the living room she shared with Allen and her knowledge of its presence can be inferred from the odor and her admission that paraphernalia was in the bedroom. Consent based on a fear that the officers will make a legal arrest does not, in my view, amount to coercion. And although the State did not specifically raise the doctrine of inevitable discovery before the trial court, the fact that the consent was given after the officer left to obtain a search warrant simply cannot be ignored. It is truly ironic that by consenting, Allen stopped the police from getting a search warrant and yet is permitted to successfully contend that the search was illegal because no warrant was obtained.
Concerning the fear that might be engendered by facing officers wearing undercover masks, it is clear that this fact did not deter Allen from initially refusing a search without a warrant. His change of mind did not occur because the officers suddenly became more threatening; it occurred only when he realized that the search would ultimately be conducted with a search warrant.